```
                UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS

JAMES W. O'NEILL,                 )
          Plaintiff,              )
                                  )
     v.                           )     C.A. No. 07-12177-NMG
                                  )
DR. AUGUSTINE G. ENAW, et al.     )
          Defendants.             )
```

ORDER

Now before the Court is plaintiff James O'Neill's motion for clarification and renewed motion. See Docket Nos. 74, 76. Because O'Neill is incarcerated, he is obligated to make monthly payments towards the $350.00 filing fee. O'Neill objects to the institutional treasurer's calculation of his monthly filing fee payment pursuant to 28 U.S.C. § 1915(b)(2). Specifically, he complains that when calculating his monthly payment, the treasurer includes gifts from his family as income.

However, it is clear from the statute and controlling legal authority that O'Neill has not made a valid objection. He is simply incorrect that the gifts of money he receives from family are exempt. He contends that his filing fee payment should be calculated from income and not gifts. However, the term "income" is comprehensive and includes gifts of money from family. See Crosby v. Meadors, 351 F.3d 1324, 1326 (10th Cir. 2003) (the word income in 1915(b)(2) refers to "all deposits to the prisoner's inmate account, whether the deposit be earned income, a gift, or otherwise."); Lucien v. DeTella, 141 F.3d 773, 776 (7th Cir. 1998) (defining "income" under § 1915(b) as including all

deposits to an inmate's account).

ACCORDINGLY, the Motion for Clarification (Docket No. 74) and Renewed Motion for Clarification (Docket No. 76) are DENIED.

SO ORDERED.

DATED: March 29, 2013
/s/ Nathaniel M. Gorton
NATHANIEL M. GORTON
UNITED STATES DISTRICT JUDGE